IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SCOTT BOWEN, ) | |
| ) | Civil Action No. 2:12-CV-0185 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| KIPPER TOOL COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Scott Bowen (hereinafter "Plaintiff"), and files this lawsuit against Defendant Kipper Tool Company (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated damages and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1343(a)(4).

4.

Defendant Kipper Tool Company is a Georgia corporation with a principal place of business at 2375 Murphy Boulevard, Gainesville, Georgia, 30504. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was an "employee" of Defendant, as defined under 29 U.S.C § 203(e).

7.

At all relevant times to this Complaint, Defendant was the "employer" of Plaintiff as defined under 29 U.S.C. § 203(d).

8.

Plaintiff performed non-exempt labor for Defendant within the last three years.

9.

During Plaintiff's employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

10.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia.

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §207.

## IV. Facts

14.

From June 5, 2005, to February 13, 2012, Plaintiff worked for Defendant as an Information Technology Specialist ("Specialist").

15.

As a Specialist, Plaintiff spent approximately eighty percent of his time troubleshooting technical issues of Defendant's customers.

16.

Throughout Plaintiff's employment, Plaintiff consistently worked in excess of forty (40) hours per workweek without being paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207.

17.

Plaintiff was required to be on call twenty-four hours a day, seven days a week. When on call, Mr. Dan Gill, Controller, required Plaintiff to respond instantly.

## V.  Violation of the Overtime Wage Requirement of the FLSA

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per workweek.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

21.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation.

22.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

23.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

24.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

## VII.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 2nd day of August, 2012.

**BARRETT & FARAHANY, LLP**

 /s/ Abigail J. Larimer
Abigail J. Larimer
Georgia Bar No. 999229
abigail@bf-llp.com
Benjamin F. Barrett
Georgia Bar No. 039586
ben@bf-llp.com

Attorneys for Scott Bowen

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile