## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **SCOTT BOWEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action** |
| | ) **File No. 2:12-CV-00185- WCO** |
| **KIPPER TOOL COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### AGREEMENT AND GENERAL RELEASE

1.    **Parties And Released Parties:**

This document sets forth the terms and conditions of the Agreement and General Release (hereinafter "Agreement") by and between the Plaintiff Scott Bowen (hereinafter "the Releasor") and Kipper Tool Company (hereinafter "the Company"). The term "Releasees" as used herein shall be defined as the Company and all of its divisions and affiliates and their current and former officers, directors, employees, shareholders/partners, servants, agents, officials, insurers, and attorneys, in their official and individual capacities, together with their predecessors, successors and assigns, both jointly and severally. In consideration of the mutual covenants and agreements set forth below, the parties agree as follows:

2.    **Termination Of Employment:**

A.    The Releasor agrees and covenants that the Releasor's employment with the Company ended on February 13, 2012 and the Releasor has not and will not, at any time, apply or reapply for a position of employment with the Releasees.

B.    The Releasor and the Company agree that, for any references sought by prospective employers for the Releasor, the Releasor shall direct any such prospective employer to Linda Hammontree. The Company agrees that, in response to any such inquiry by a prospective employer to Ms. Hammontree, Ms. Hammontree, while she still works with the Company, shall only provide the Releasor's job position and dates of employment with the Company.

3.     **Payment And Consideration:**

A.     The Company shall pay to the Releasor a total payment of $13,149.00.  Of this amount, $6,524.50 represents backpay damages and $6,524.50 represents liquidated damages. The Company also shall pay the Releasor $100 for alleged claims of personal injuries, including the Releasor's claims of emotional distress, anxiety, humiliation, pain and suffering, embarrassment, mental anguish and severe emotional distress.   Additionally, the Parties have agreed that a reasonable attorney fee in this case for the Releasor's counsel is $9,351.00.

B.     The amount for the Releasor's back pay shall be paid by the Company in a check made payable to "Scott Bowen" and shall be issued within fourteen (14) business days after the Court issues its notice of approval of the settlement of this matter (including this Agreement). The Parties recognize and agree that the back pay portion of the payment to the Releasor is subject to applicable taxes and withholdings.   The amount for the Releasor's personal injuries and liquidated damages shall be paid by the Company in one separate check made payable to "Scott Bowen" and shall be issued within fourteen (14) business days after the Court's notice of approval of the settlement of this matter (including this Agreement).    The amount for attorney's fees shall be paid by the Company in a separate check made payable to "Barrett & Farahany, LLP" and shall be issued within fourteen (14) days after the Court issues its notice of approval of the settlement of this matter (including this Agreement).

C.     The Parties acknowledge that the Releasor will promptly file the Joint Motion for Court Review and Approval of Settlement Agreement and Dismissal of Case With Prejudice in the form attached to this Agreement as Exhibit A (hereinafter "Joint Motion").

D.     The Releasor and his counsel acknowledge and agree that, in the event the Court denies the Parties' Joint Motion and the Parties cannot, thereafter, secure court approval of a mutually agreeable settlement agreement within forty-five (45) days of the Court's Order denying the Joint Motion, this Agreement shall be null and void.

4.     **General Release:**

A.     For and in consideration of the total payment specified above and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown which the Releasor ever had, now has or may or might in the future have against the Releasees, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement, and specifically, but not by way of limitation, to those claims arising by reason of or in any way connected with or which are or may be based in whole or in part on, or do or may arise out of or are or may be related to or with:

(i)      the matter pending in the Northern District of Georgia – CAN 2:12-CV-00185;

(ii)      employment of and/or termination of employment between the Company and the Releasor, including any issues related to payment of wages under the Fair Labor Standards Act;

(iii)      unlawful acts of any kind arising under or in reliance upon any statute (federal, state or local);

(iv)      deprivation of civil rights, unlawful acts of any kind, or discrimination under state, local or federal law or otherwise including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended; Civil Rights Act of 1991; and Americans with Disabilities Act;

(v)      interference with or breach of contract (express or implied, in fact or in law), detrimental reliance, breach of duty of good faith and fair dealing (express or implied) and/or breach of contract of any kind;

(vi)      retaliatory or wrongful discharge, breach of policy and/or public policy, bad faith discharge, negligence, negligent discharge, intentional or negligent infliction of emotional or mental distress, invasion of privacy, deceit, interference with advantageous relations, outrageous conduct, inducement, fraud, false imprisonment, assault, assault and battery, false arrest, malicious prosecution, breach of duty, libel, slander and/or tortious and/or criminal conduct of any kind;

(vii)      interference with business relationships, contractual relationships or employment relationships of any kind;

(viii)      loss of consortium;

(ix)      attorneys' fees, expenses or costs pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by law, including pursuant to any statute, contract or common-law claim; and

(x)      any and all other claims arising under law or equity.

B.      Without limiting the generality of the foregoing, the Releasor acknowledges and covenants that, in consideration for the sums being paid and provided herein by the Company to the Releasor, the Releasor has knowingly and voluntarily relinquished, waived and forever released any and all rights, damages and remedies which might otherwise be available to the Releasor, including, without limitation, claims for contract or tort damages of any type, back pay, front pay, emotional damages, mental damages, damages for anguish or anxiety, punitive damages, incentive pay, liquidated damages, special or consequential damages, lost benefits of any kind including without limitation, pension, life insurance, vacation pay, disability insurance, sick pay, severance pay or medical insurance or benefits, recovery of attorneys' fees, costs, expenses of any kind and reemployment or employment with the Company at any time.

C.      It is further understood and agreed that this Agreement and the payment made hereunder constitutes full and final satisfaction of all claims of every nature, direct or indirect, against all persons, Companys, or corporations, including those who are or might be held to be joint

and/or successor tortfeasors, with any of the parties released hereby, as well as those to whom any of the parties released are, or may be held to be, liable by way of contribution or indemnity for the payment of all or any part of any claim arising out of, or directly or indirectly related to the claims set forth in this Agreement.

## 5.    Covenant Not To Sue:

The Releasor further covenants and acknowledges that neither the Releasor, nor any person, organization or other entity acting on the Releasor's behalf has or will sue or cause or permit suit against the Releasees upon any claim released herein or to participate in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attachment upon any claim released herein. In the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Company against the Releasor for any conduct arising prior to the effective date of this Agreement, the Releasor does waive the Releasor's right to personally recover any monetary amount in any such proceedings, and the Releasor covenants to immediately return to the Company any amounts paid to the Releasor pursuant to any such proceedings.

## 6.    No Loss Of Consortium:

The Releasor hereby represents and warrants that, at all times pertinent, no person sustained any loss of consortium, or has any claim whatsoever for any injury or damage alleged to have been sustained by the Releasor; and the Releasor does further agree to indemnify, defend and hold harmless the Releasees hereunder from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

## 7.    Knowing And Voluntary Waiver And Release:

A.    It is understood and agreed that this Agreement is executed by the Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities or value of the Releasor's claims.

B.    The Releasor also acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. The Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which the Releasor otherwise has no legal entitlement.

C.    As part of the consideration for the conditions of the settlement as set forth above, the Releasor expressly warrants and represents that: (a) the Releasor is legally competent to execute this Agreement; (b) the Releasor has not assigned, pledged, or otherwise in any manner whatsoever sold or transferred, either by instrument in writing or otherwise, any claim, cause of action, or other legal right of whatever kind and nature, which the Releasor has or may have by reason of the incident described above or any matters arising out of or relating thereto; (c) there are no outstanding subrogation claims or liens of any type or character, by reason of the incident detailed herein, including no lien or right of reimbursement for any healthcare-related expenses relating to or in any way connected with the claims asserted in the above-styled civil

action, including but not limited to liens or rights created by or pursuant to agreement; state or federal law; O.C.G.A. §§ 44-14-470, et seq. and 49-4-148, et seq.; Medicare/Medicaid; TRICARE; CHAMPVA; ERISA; or employee benefit plan; and (d) all healthcare-related, medical, dental, pharmacy, hospital, nursing home, physician practice, and provider of traumatic burn care medical practice charges and bills incurred for treatment of injuries relating to or in any way connected with the claims asserted in the above-styled civil action for which a compromise and settlement has been made have been fully paid.

**8.     Right To Retain Advisor Or Counsel:**

        A.     It is understood that the Releasor has the right and opportunity to consult fully with legal counsel or other advisor prior to signing this Agreement and is advised to consult with legal counsel prior to signing this Agreement. The Releasor also acknowledges that, before signing this Agreement, the Releasor has read and fully understands each paragraph thereof. Any notice required to Releasor under this Agreement shall be satisfied by written notice to the undersigned counsel for the Releasor.

        B.     The Releasor acknowledges that, upon the effective date of this Agreement, the Releasor will fully and irrevocably release any and all claims the Releasor may have against the Releasees as specified in this Agreement.

**9.     Entire Agreement:**

        A.     This Agreement constitutes the entire agreement between the Releasor and the Releasees pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by the Releasor and an authorized representative of the Company.

        B.     In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**10.    Effective Date:**

This Agreement shall become effective and irrevocable upon its execution by the Releasor.

**11.    Confidentiality And Non-Disparagement:**

        A.     The Releasor covenants that, except as required by law, the Releasor will not make any disclosure of any kind to any person or organization concerning the terms of this Agreement, the settlement discussions leading up to this Agreement, the sums and benefits paid as consideration thereof and the facts underlying the potential claims against the Releasees. The Releasor further agrees that he will not initiate discussions with others regarding the settlement of this matter and will not make statements to others that indicate, in any way, that he was paid

monies as a part of the resolution of this matter. Nothing contained herein shall be construed to prevent the disclosure of the amount and terms of settlement to the Releasor's accountants, auditors or attorneys reviewing the Releasor's financial records or preparing tax returns, or reporting to tax authorities or to any regulatory agency, or court when required by law or court order to do so.

B.      The Releasor covenants that, if the Releasor is subpoenaed or compelled to testify, or provides a written or oral statement of any kind to anyone regarding the Releasor's employment with the Company, the Releasor will give give (5) days written advance notice to the Company by submitting written notice to the below named representative of the Company by certified mail, return receipt requested.

> Danny Sears
> Kipper Tool Company
> 2375 Murphy Boulevard
> Gainesville, GA 30504

C.      The Releasor agrees that the Releasor will not make any comments to any person that are critical and/or derogatory in nature about the Releasees or their operations. The Releasor acknowledges that such criticism or comments shall constitute a material breach of this Agreement.

D.      Nothing in this paragraph or this Agreement is intended to, nor shall it, prohibit the parties from providing testimony or information in any proceeding defined under 18 U.S.C. § 201, nor is it intended in any way to intimidate, coerce, deter, persuade, or compensate any party with respect to providing, withholding, or restricting any communication whatsoever to the extent prohibited under 18 U.S.C. §§ 201, 1503, 1512, or any similar or related provision of state or federal law.

## 12.      Successors And Assigns:

This Agreement shall be binding upon the Releasor and the Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

## 13.      Non-Admission:

The Releasor acknowledges that the payment set forth herein does not constitute any admission of liability on the part of the Releasees, by whom liability is expressly denied. This Agreement shall not be deemed an admission of liability or a violation of any law, rule, regulation or order, of any kind.

## 14.      Return of Property:

The Releasor acknowledges and covenants that the Releasor will return all property of the Company the Releasor has in his possession or in the possession of his counsel, including, but not limited to, records, files, lists, drawings, documents, equipment, disks, charts, reports, video and audio tapes, within seven (7) calendar days of the Court issuing its notice of approval of this

settlement (including this Agreement).

**15. Miscellaneous:**

A. The Releasor acknowledges that the Releasor has had sufficient time to consider whether or not the Releasor desires to enter into this Agreement.

B. This Agreement is executed with the full knowledge and understanding on the part of the Releasor that there may be more serious consequences, damages or injuries, which are not now known, and that any draft or benefits conferred herein to the Releasor in consideration of this Agreement are accepted as final. The Releasor further agrees and represents that it is within the Releasor's contemplation that the Releasor may have claims against the Releasees of which, at the time of the execution of this Agreement, the Releasor has no knowledge or suspicion, but the Releasor agrees and represents, without affecting the generality of the foregoing paragraphs, that this Agreement extends to all claims in any way based upon, connected with or related to the matters described herein, whether or not known, claimed or suspected by the Releasor.

C. It is further agreed and understood that the Releasor will indemnify, defend and hold harmless the Releasees for all claims and damages, including attorneys' fees, resulting from the Releasor's respective material breach of this Agreement. The Releasor further acknowledges and covenants that it would be difficult, if not impossible, to accurately determine damages which would result from a breach of this Agreement by the Releasor and, therefore, acknowledges and covenants that, in the event of a breach, the Releasor shall pay liquidated damages to the Company in the amount of One Thousand Dollars and 00/100 ($1,000.00) per breach.

D. The Releasor agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. The Releasor further agrees to indemnify and hold the Releasees harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Company by reason of any such claims, including any amounts paid by the Company as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.

E. The Releasor acknowledges that neither the Releasees nor their attorneys make any representation as to the tax consequences, if any, of the provisions of this Agreement.

F. It is agreed that neither the existence of this Agreement nor any of its provisions shall be offered in evidence by any of the parties hereto, or their agents, in any action or proceeding other than an action to enforce this Agreement.

G. This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the parties hereto, regardless of whether each party hereto is a signatory to the same counterpart. Fax signatures in lieu of original signatures are acceptable.

IN AGREEMENT HERETO, the Releasor and the below representative of the Company set their hand and seal.

Scott Bowen – Releasor

1/15/2013
Date

Danny Sears
Representative for the Company

1/18/2013
Date